Filed 9/11/24  P. v. Perez CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JIMMY A. PEREZ,<br><br>    Defendant and Appellant. | B330009<br><br>Los Angeles County<br>Super. Ct. No. BA465253-02 |

APPEAL from an order of the Superior Court of Los Angeles County, Mark S. Arnold, Judge.  Affirmed.

Patricia S. Lai, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance. E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Yun K. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

We review an order denying appellant Jimmy A. Perez's petition for recall of sentence brought under Penal Code section 1172.6.[1]  We affirm.

## BACKGROUND

In 2020, a jury found appellant Jimmy A. Perez guilty of willful, deliberate and premeditated attempted murder and possession of a firearm by a felon.  (§§ 664/187, subd. (a); 29800, subd. (a)(1).)  The jury also found the attempted murder was committed for the benefit of a gang (§ 186.22, subd. (b)(1)) and a principal personally discharged a firearm causing great bodily injury.  (§12022.53, subds. (d) and (e)(1).)  The trial court sentenced Perez to 39 years to life plus four years in state prison.

On December 22, 2022, Perez filed a petition for resentencing pursuant to section 1172.6.  The People filed a response, attaching as exhibits our opinion affirming Perez's convictions, the jury instructions, and the verdict forms.  Perez filed a responsive pleading.  On April 20, 2023, the trial court held a prima facie hearing and denied the petition.  The trial court found Perez was not "convicted on a theory that is no longer valid.  Natural and probable consequences was not an instruction given to the jury.  There was no felony murder instruction given to the jury."  This appeal followed.

For context only, we recite the facts of the offenses from our prior opinion.  (*People v. Palacios et al.* (July 6, 2022, B310844) [nonpub. opn.].)  Appellant and his co-defendant Anthony Palacios entered a tent in a homeless encampment in the City of Los Angeles.  Inside the tent were two men.  Palacios entered

---

[1]     Undesignated statutory references are to the Penal Code.

with gun drawn and Perez followed, openly armed with a gun pointed at the ground. Palacios asked the two men where they were from and, upon getting a response, Palacios immediately shot his weapon twice, killing one of the men and injuring the other, who played dead until Palacios and Perez left the tent.

## DISCUSSION[2]

Senate Bill No. 1437 (2017–2018 Reg. Sess.) and Senate Bill No. 775 (2021-2022 Reg. Sess.) eliminated the natural and probable consequences doctrine as a basis of liability for murder, attempted murder, and manslaughter by amending sections 188 and 189. (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) The intent of Senate Bill No. 1437 was "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *Lewis*, at p. 967.)

Senate Bill No. 1437 also created section 1172.6, establishing a procedure for defendants already convicted of murder (and later, attempted murder and manslaughter) under the old law to seek resentencing in the trial court if they believe they could not be convicted of that crime given the amendments to sections 188 and 189. (Stats. 2018, ch. 1015, §§ 2, 3; Senate Bill No. 775 (2021-2022 Reg. Sess.) at § 2.) Section 1172.6 provides relief to those convicted of attempted murder only if the

---

[2] Perez filed a request for judicial notice, asking us to take notice of the trial record prepared on appeal in *People v. Palacios et al.*, *supra*, B310844. We grant the request.

conviction was based on the doctrine of natural and probable consequences. (*People v. Coley* (2022) 77 Cal.App.5th 539, 548 (*Coley*).)

Thus, petitions under section 1172.6 address convictions where a defendant was not the shooter but was held vicariously liable on one of several theories of liability identified in the statute.

Petitioners are entitled to appointment of counsel upon the filing of a compliant petition. (*Lewis*, *supra*, 11 Cal.5th at p. 963.) If the record establishes ineligibility for resentencing as a matter of law, the petition is properly denied. (*Id.* at pp. 970–972.) However, the petition and record must establish "conclusively that the defendant is ineligible for relief" as a matter of law. (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14 (*Lopez*).) When a trial court denies a section 1172.6 petition based on the failure to make a prima facie case for relief, our review is de novo. (*Ibid.; People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

The trial court inquiry into whether a prima facie case for relief has been made is limited. (*Lewis*, *supra*, 11 Cal.5th at p. 971.) The trial court is entitled to review the record of conviction, which includes the jury summations, jury instructions, verdict forms, and prior appellate opinions. (*Id.* at pp. 971–972.) However, *Lewis* cautions that although appellate opinions are generally considered to be part of the record of conviction, the prima facie bar was intentionally set very low. The probative value of an appellate opinion is case-specific; a trial court should not engage in " 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972.)

Ineligibility as a matter of law can be established in a number of ways.  If the record of conviction shows petitioner was convicted of murder, attempted murder, or manslaughter under any theory of liability that remains valid under Senate Bill No. 1437 or in compliance with the requirements of the amended law of felony murder, ineligibility for relief has been established. *(People v. Estrada* (2022) 77 Cal.App.5th 941, 945–949 (*Estrada*) [petitioner convicted of direct aiding and abetting malice murder is ineligible for relief]; *People v. Medrano* (2021) 68 Cal.App.5th 177, 182–183 [petitioner convicted based on intent to kill is ineligible for relief]; *Lopez, supra*, 78 Cal.App.5th at p. 14 [petitioner convicted of attempted murder not based on the natural and probable consequences doctrine is ineligible for relief].)

If a petitioner makes a prima facie showing of eligibility for relief, the trial court must issue an order to show cause and hold an evidentiary hearing where the trial court sits as a factfinder. (§ 1172.6, subd. (d).)  The People bear the burden of proving petitioner's guilt beyond a reasonable doubt under the law as amended.  (*Lewis, supra*, 11 Cal.5th at p. 960.)

Perez was convicted of willful, deliberate and premeditated attempted murder.  He was not the actual killer in that he did not shoot his weapon.  Co-defendant Palacios fired the shot that injured the victim.  He concedes the jury was not instructed on the natural and probable consequences doctrine.  Rather, the jury was instructed on direct aiding and abetting liability in that it had to find that Perez himself knew Palacios intended to commit the crime, Perez himself intended to aid and abet Palacios in committing the crime, and Perez himself actually aided and abetted the commission of the crime.  (CALCRIM Nos. 400, 401,

5

600.)  The trial court correctly found that Perez was ineligible for relief as a matter of law.  (*Lopez, supra*, 78 Cal.App.5th at p. 14; *Estrada, supra*, 77 Cal.App.5th at pp. 945–949.)

Nevertheless, Perez argues we should construe section 1172.6 to afford relief to petitioners convicted of attempted murder under theories of imputed malice other than the natural and probable consequences doctrine.  To do so would require us to disregard the express language of section 1172.6, subdivision (a), which reads: "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, *attempted murder under the natural and probable consequences doctrine*, or manslaughter may file a petition with the court that sentenced the petitioner to have petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts . . . ."  (§1172.6, subd. (a), italics added.)  We decline to rewrite the statute.  (*Coley, supra*, 77 Cal.App.5th at pp. 547–548.)

Perez also argues CALCRIM No. 601 and the prosecutor's closing argument allowed the jury to convict Perez of attempted murder based solely on Palacios's state of mind.  This instruction is irrelevant to the section 1172.6 petition as the instruction and the closing argument pertained, in any event, only to the additional allegation that the attempted murder was deliberate, premeditated and willful.  The instruction came into play only after the jury had decided the issue of guilt on the attempted murder count, for which the jury was properly instructed.

6

Perez also points to the prosecutor's argument on premeditation: "The attempted murder was done willfully and with deliberation and premeditation if either Defendant Perez or Defendant Palacios or both of them acted with that state of mind." This argument, again, applied only to the additional allegation of premeditation, willfulness, and deliberation.[3] We find, as did the trial court, that the record is devoid of any jury instructions or argument that allowed the jury to impute malice to Perez.

---

[3] Perez relies on *People v. Whitson* (2022) 79 Cal.App.5th 22, 33, and *People v. Curiel* (2023) 15 Cal.5th 433, 440–441 to argue that the instruction on premeditation "bled" over into the instructions on attempted murder. We disagree. Both of those cases involved trials where the jury was instructed on natural and probable consequences, a dispositive consideration not present here. We also reject Perez's Fourteenth Amendment due process argument. (*People v. Fisher* (2023) 95 Cal.App.5th 1022, 1030, fn. 7 [where petitioner is ineligible for resentencing relief as a matter of law, his due process argument necessarily fails].)

## DISPOSITION

The order denying the petition for recall of sentence is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

GRIMES, J.

WILEY, J.